IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Deidre L. Hollins, | ) | C/A No. 3:10-592-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| ITT Educational Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Deidre L. Hollins, filed this employment discrimination case pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. against her former employer, ITT Educational Services, Inc. ("ITT"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 14.) ITT argues that Hollins should be judicially estopped from asserting her claims because she failed to disclose them during her prior bankruptcy proceedings. Having carefully considered the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

## BACKGROUND

Hollins alleges that she was denied a promotion because of her race and age and that she was constructively discharged due to a racially hostile work environment. Hollins's employment with ITT terminated in February 2009. She filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") in April 2009. At the time, Hollins was in Chapter 13 bankruptcy. Hollins did not amend her initial bankruptcy filings to disclose her employment claims

against ITT. Subsequently she moved and was granted leave to convert her bankruptcy to a Chapter 7 proceeding in August of 2009. At that time she filed amended schedules with the United States Bankruptcy Court, still failing to disclose her employment claims against ITT. Her bankruptcy case concluded on December 15, 2009 and her liabilities were discharged. On March 10, 2010, Hollins filed the instant federal case.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine dispute of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule,

set forth specific facts showing that there is a genuine dispute for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Judicial Estoppel**

The doctrine of judicial estoppel precludes a litigant from taking a position that is inconsistent with one taken in prior litigation.  Whitten v. Fred's, Inc., 601 F.3d 231, 241 (4th Cir. 2010) (citing Lowery v. Stovall, 92 F. 3d 219, 223 (4th Cir. 1996)).  It is an equitable doctrine designed to protect the integrity of the judicial system, as opposed to other litigants.  See id.; In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999).  The United States Court of Appeals for the Fourth Circuit has described three elements necessary for judicial estoppel:  (1) the party sought to be estopped must be seeking to adopt a position of fact that is inconsistent with a stance taken in prior litigation; (2) the prior inconsistent position must have been accepted by the court; and (3) the party sought to be estopped must have intentionally misled the court to gain an unfair advantage. Whitten, 601 F.3d at 241 (citing Zinkland v. Brown, 478 F. 3d 634, 638 (4th Cir. 2007)).  In the context of a bankruptcy proceeding, the third element may be inferred when a debtor stands to gain financially from failing to disclose a cause of action as a potential asset.  Thompson v. Quarles, 392 B.R. 517, 525 (S.D. Ga. 2008).  Such an inference may be made when a debtor had knowledge of the factual basis of the undisclosed claim and has a motive to conceal it.  See Barger v. City of Cartersville, 348 F.3d 1289, 1294 (11th Cir. 2003); see also In re Coastal Plains, Inc., 179 F.3d at 210 (noting that in the bankruptcy context a failure to disclose is inadvertent only when the debtor generally lacks knowledge of the undisclosed claims or has no motive for their concealment).

Here, the court finds that Hollins's failure to update her filings or include the instant claim in her subsequent filings satisfies the first element.  Hollins was under a continuing duty to disclose the instant claim, of which she indisputably had knowledge no later than April 6, 2009 when she



filed her administrative charge, to the bankruptcy court. See 11 U.S.C. §§ 521(a)(1), 541(a)(7); see also Thomas v. Palmetto Mgmt. Servs., C/A No. 3:05-17-CMC-BM, 2006 WL 2623917, at *4 (D.S.C. Sept. 11, 2006). Moreover, when she sought to convert her bankruptcy proceeding from Chapter 13 to Chapter 7 she represented to the bankruptcy court, after the filing of her administrative charge regarding the instant claim, that she had no potential legal claims. (See Ex. G, ECF No. 14-8); see also Brockington v. Jones, C/A No. 4:05-3267-RBH-TER, 2007 WL 4812205, at *4 (D.S.C. Nov. 28, 2007) (Report & Recommendation adopted in 2008 WL 238707) ("A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed.") (quoting Stallings v. Hussmann Corp., 447 F.3d 1041, 1047 (8th Cir. 2006)).

Hollins argues, relying on cases outside of the Fourth Circuit, that these representations were not made under oath. However, Whitten, which is binding precedent in this Circuit, imposes no such requirement for the application of judicial estoppel. Nor does the conversion of her bankruptcy proceeding to Chapter 7 excuse the failure to disclose. Although Hollins relies on In re Bullock, 41 B.R. 637 (E.D. Pa. 1984), this case does not avail her. In Bullock, the bankruptcy court had accurate information regarding the debtor's assets when it made the decision on Bullock's conversion motion. Further, the Bullock court was not addressing judicial estoppel, but rather was examining a different equitable issue that has since been resolved by statute. See Bullock, 41 B.R. 637; 11 U.S.C. § 348(f). Finally, Hollins's argument that the failure to disclose was immaterial because of the conversion of her proceeding to Chapter 7 presupposes both that her creditors would not have objected to the conversion and that the bankruptcy court would have still granted the conversion had the court and the creditors been aware of the instant claim. The cases relied upon by ITT are much more in line with the circumstances presented here than Bullock and support the conclusion that

judicial estoppel should apply.[1]  Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002) (applying judicial estoppel where the debtor failed to disclose a potential claim to the bankruptcy court prior to seeking a conversion to Chapter 7); see also Chandler v. Samford Univ., 35 F. Supp. 2d 861, 864-65 (N.D. Ala. 1999) (applying judicial estoppel and finding that the debtor had an affirmative duty to disclose a potential claim as an asset where the EEOC charge was filed prior to the conversion of the bankruptcy proceedings to Chapter 7).[2]

As to the third element, the court rejects Hollins's argument that she had no motive to conceal her claim from the bankruptcy court.[3]  Her argument on this point emphasizes that she received no benefit in the bankruptcy proceeding from failing to disclose the claim.  As an initial matter, this argument is unsupported.  Moreover, it misapprehends the test for application of judicial estoppel in the bankruptcy context, which does not contemplate a *post hoc* analysis of whether the debtor actually benefitted from the concealment of potential assets but rather examines whether she had a motive to do so.  In a Chapter 7 proceeding, assets are identified for administration by the

---

[1] Hollins's argument based on Snowden v. Fred's Stores of Tennessee, Inc., 419 F. Supp. 2d 1367 (M.D. Ala. 2006), is similarly misplaced.  The length of delay in disclosure is not alone determinative and, in any event, no disclosure was ever made to the bankruptcy court in this case. See New Hampshire v. Maine, 532 U.S. 742, 751 (2006) (stating that the judicial estoppel factors are not "inflexible prerequisites" or "an exhaustive formula" and that "[a]dditional considerations may inform the doctrine's application in specific factual contexts").

[2] Hollins's argument regarding the second element rests on her argument as to the first—i.e., she argues that the court bankruptcy court could not have accepted the position that she had no potential legal claims because she did not take that position.  (See Pl.'s Mem. Opp'n Mot. Summ. J. at 10, ECF No. 25 at 10.)  This argument therefore fails for the same reasons discussed above.  See Brockington, 2007 WL 4812205, at *3 ("Plaintiff's position that she had no contingent or unliquidated claims was accepted by the bankruptcy court when it issued an order discharging Plaintiff's debts, discharging the trustee, and closing the case.") (citing Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005)).

[3] Hollins does not argue that she lacked knowledge of the claim at the time of the bankruptcy proceedings; nor could she, since she filed her administrative charge during the pendency of her bankruptcy case.



trustee for the benefit of creditors.  Compare 6-700 Collier on Bankruptcy ¶ 700.01 (stating that Chapter 7 provides a mechanism for "the collection, liquidation and distribution of the nonexempt property of the debtor and culminates, if the debtor is an individual, in the discharge of the liquidation debtor") with 8-1300 Collier on Bankruptcy ¶ 1300.01 (explaining that under Chapter 13 a debtor develops a plan to pay the creditors and such payment is "ordinarily made primarily from the debtor's income rather than assets, although the plan may provide for liquidation of property").  Thus, in a Chapter 7 proceeding, a debtor would particularly have motivation to conceal a potential legal claim.  Hollins's speculation that her failure to disclose the claim made no difference in the Chapter 7 proceeding is unavailing.  As discussed above, courts have applied judicial estoppel in similar situations.  See Burnes, 291 F.3d at 1288; Chandler, 35 F. Supp. 2d at 864-65.

## RECOMMENDATION

Hollins attempts in this litigation to take an inconsistent position to that taken in her bankruptcy case.  Her representations that she had no potential legal claims were accepted by the bankruptcy court in making its decision regarding her petition, and Hollins's intent to mislead can be inferred from the fact that she had knowledge of the claim and had a motive to conceal it in the bankruptcy proceedings.  Accordingly, the court recommends that the defendant's motion (ECF No. 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 3, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).