IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Deidre L. Hollins, | ) | C/A No.: 3:10-592-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ITT Educational Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Deidre L. Hollins, filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Age Discrimination of Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. against her former employer, ITT Educational Services, Inc. ("ITT").

This matter is before the court for review of the Magistrate Judge's Report and Recommendation (the "Report") on the defendant's motion for summary judgment. The Report recommends granting the motion. ITT argues that Hollins should be judicially estopped from bringing this action because she failed to amend her bankruptcy filings to include this legal claim. After considering all of the parties' submissions and the Report, the court agrees with the magistrate and grants the defendant's motion.

**I.     LEGAL STANDARDS**

   **A.     Magistrate Judge's Report and Recommendation**

The magistrate judge made her review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC. The magistrate judge makes only a recommendation to the court. This

recommendation has no presumptive weight, and it is the responsibility of the District Court to make the final determination. Matthews v. Webber, 423 U.S. 261, 270-71 (1976). Parties may file written objections to the Report. 28 U.S.C. 636(b)(1). When an objection is made, the court will review that objection de novo. Id. Anything that the parties fail to object to is reviewed by the court for "clear error." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### B.     Summary Judgment

Before granting summary judgment, the court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A party asserting that a fact is not in dispute must cite to materials in the record. Fed. R. Civ. P. 56(c). Additionally, when considering a motion for summary judgment the court will draw "all justifiable inferences" in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is an "integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

## II. FACTUAL BACKGROUND

The magistrate judge has fully fleshed out the pertinent facts of this case, and the court adopts the facts as stated in the Report.

While in Chapter 13 bankruptcy, Hollins filed a grievance with the Equal Employment Opportunity Commission ("EEOC") in April 2009. She did not amend her bankruptcy filings to reflect the pending employment claims against ITT. In August 2009, Hollins moved to convert her Chapter 13 bankruptcy to Chapter 7 bankruptcy. She again failed to mention the pending claim at the time of conversion to Chapter 7 bankruptcy, even though she filed amended schedules with the Bankruptcy Court. On December 15, 2009, Hollins's bankruptcy was completed, and her liabilities were discharged. Hollins filed this case in federal court on March 10, 2010.

The defendant's motion for summary judgment was filed with the court on September15, 2010 by ITT. (ECF No. 14). The magistrate judge issued her Report on June 3, 2011 (ECF No. 30), and Hollins filed her objections to the Report on July 12, 2011 (ECF No. 37). On July 14, 2011 ITT filed a reply to the objections. (ECF No. 38).

## III. DISCUSSION

In order to prevail on a motion for judicial estoppel, the moving party must prove three elements: (1) the party to be estopped must be seeking to adopt a position that is inconsistent with a position taken in previous litigation; (2) the prior inconsistent position must have been accepted by the court; and (3) the party sought to be estopped must have

intentionally misled the court to gain an unfair advantage. Whitten v. Fred's, Inc., 601 F.3d 231, 241 (4th Cir. 2010). Hollins has objected to the findings of the magistrate judge as to each of the necessary elements.

First, Hollins objects to the magistrate judge's finding that her failure to update her bankruptcy filings or include this claim in subsequent filings satisfies the first element. Hollins argues that the magistrate judge was wrong by rejecting the arguments she made with regard to Snowden v. Fred's Stores of Tennessee, Inc., 419 F. Supp. 2d 1367, 1373 (M.D. Ala. 2006). The magistrate judge correctly rejected this argument because the facts in Snowden are significantly different from the facts in this case. The plaintiff in Snowden amended her filings with the bankruptcy court four months after the initiation of the discrimination suit. Id. Here, Hollins never amended her claims, and the argument that she was not required to because she converted to Chapter 7 bankruptcy is disingenuous. As the magistrate judge points out, the decision by the Bankruptcy Court to convert Hollins's claim was premised on her assertion that she did not have any legal claims. (ECF No. 30 at 4).

Unlike the facts in Snowden, the facts in Burnes v. Pemcon Aeroplex, Inc. closely parallel the facts of this case. 291 F.3d 1282, 1284 (11th Cir. 2002). In that case, the plaintiff filed for Chapter 13 bankruptcy, and he submitted a true statement that he did not have any legal claims at the time of filing. Id. While in bankruptcy, the plaintiff brought a discrimination suit against his employer. Id. The plaintiff did not update his financial statements to include the newly established claim. Id. Subsequently, the plaintiff requested

4

that his bankruptcy petition be converted from Chapter 13 to Chapter 7 bankruptcy. Id. As in the case at bar, the plaintiff failed to mention the lawsuit in his filing for a conversion to Chapter 7 bankruptcy. Id. The Eleventh Circuit ruled that this is just the type of case where judicial estoppel is required. Id. at 1287-88. The position sought now by Hollins is the same as the position sought by the plaintiff in Burnes. The court accepts the finding of the magistrate judge that the first element of judicial estoppel is satisfied due to the failure of Hollins to inform the Bankruptcy Court of her legal claim against her former employer.

Second, Hollins objects to the magistrate judge's finding that the Bankruptcy Court accepted the currently inconsistent statement. Hollins argues that since she did not make the inconsistent statement under oath, the court could not have relied on her inconsistent statement. However, the Fourth Circuit, in Whitten, imposed no such requirement for the application of judicial estoppel. Whitten v. Fred's, Inc., 601 F.3d 231, 241 (4th Cir. 2010).

Further, Hollins was under a continuing duty to disclose any new assets or legal claims. Burnes, 291 F.3d at 1286; see also Thomas v. Palmetto Mgmt. Serv., C/A No. 3:05-17-CMC-BM, 2006 WL 2623917, at *4 (D.S.C. Sept. 11, 2006). Disclosure is the backbone of the bankruptcy system, and the Bankruptcy Court and creditors relied on the information given by Hollins. Id. Her argument that the failure to disclose was immaterial because of her conversion to Chapter 7 bankruptcy presupposes that her creditors would not have objected to the conversion and that the Bankruptcy Court would still have granted the conversion had the court and the creditors been aware of the claim. Therefore, the inconsistent position

5

Hollins gave to the Bankruptcy Court was relied upon and accepted by the court.

As to the third element, Hollins objects to the magistrate judge's finding that she intentionally misled the court to gain an unfair advantage. Creditors rely on disclosure statements in determining whether to contest or consent to a "no asset discharge." Id. Likewise, the Bankruptcy Court relies on the same disclosures in determining whether they should grant such a discharge. Id. Under Chapter 7 bankruptcy, the court may decide not to grant a discharge if the debtor has concealed something that would affect their financial position. 11 U.S.C. § 727(3). Additionally, this court has held that a debtor in bankruptcy always has an interest to conceal potential claims because those claims would increase the amount of available assets. Thomas, 2006 WL 2623917 at *3.

Here, Hollins clearly had knowledge of her claim as of the time of the EEOC claim in April 2009. As described by the magistrate judge and the court in Burnes, it is advantageous to a debtor to conceal a claim before conversion to Chapter 7 from Chapter 13 bankruptcy because if the creditors know of a claim they may contest the conversion. Burnes, 291 F.3d at 1286. Hollins's motive to conceal her legal claim and potential award or settlement is clear because it made it easier to gain a conversion to Chapter 7 bankruptcy. Further, if it was discovered that she had withheld such information, the Bankruptcy Court may not have granted her a discharge under Chapter 7 bankruptcy. Hollins's motive to avoid such pitfalls is obvious. Thus, Hollins intentionally misled the court to gain an unfair advantage, and the third element of judicial estoppel is satisfied.

**IV.    CONCLUSION**

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections, the court finds the magistrate judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the magistrate judge in full and incorporates this Report by specific reference. Accordingly, the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 12, 2011                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge